IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 05-30051 |
| PHILIP J. BOWER, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on February 2, 2006, for the sentencing of Defendant Philip J. Bower. Defendant Bower appeared in person and by his attorneys E.C. Eberspacher, Elizabeth Eberspacher, and Walter Lookofsky. The Government appeared by Assistant U.S. Attorney Thomas A. Keith. On June 24, 2005, Defendant Bower waived indictment and pleaded guilty to the charge of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as alleged in the Information (d/e 1). The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated January 17, 2006. The Defendant withdrew all of his objections to the PSR.

1

The Government objected to the finding in the PSR that the Defendant possessed at least 150 but not more than 300 images of child pornography. The Government argued that he actually possessed more than 600 images of child pornography. For reasons stated of record, the Court overruled the objection of the Government. The Court acknowledged the Government presented evidence that it had recently performed a more extensive analysis of the computer storage media possessed by the Defendant which showed that he possessed in excess of 600 images; however, at the time of the plea the Government represented that its evidence at trial would be that the Defendant had between 3 and 300 such images. The Court determined that, under the circumstances of this case, the Defendant would have understood at the time he entered his guilty plea that the greatest number of images for which he would be held accountable was 300 images. The Court overruled the Government's objection.

The Government further objected to the Defendant receiving acceptance of responsibility. For reasons stated of record, the Court agreed that the Defendant should not receive the full 3-point adjustment for acceptance of responsibility. To accept responsibility, the Defendant must truthfully admit the conduct comprising the offense of conviction and not

raise frivolous objections to the PSR. U.S.S.G. § 3E1.1(a), Comment Note 3. In this case, Defendant submitted a frivolous objection that he possessed no more than 10 images of child pornography when he possessed at least 169 (conceded by Defendant at sentencing). He withdrew the objection after the Government finished its recent analysis of his computer media, but the fact that he would even make this assertion to the Probation Office is inconsistent with fully accepting responsibility for his actions. He also raised an objection to the probation officer's failure to give him a credit for being a minimal participant in the crime. The Court found this to be a frivolous objection because he was the only participant in this possession offense. The Defendant, however, did plead in a timely fashion, and so the Court gave the one point adjustment for the timely plea. U.S.S.G. § 3E1.1(b).[1] In all other respects, the Court sustained the Government's objection.

The Government had no other objections to the PSR. The Court therefore adopted the remainder of the findings of the PSR as its own. Accordingly, the Court found that Defendant Bower had an offense level of

---

[1] The Court noted that the November 3, 2003, version of the Guidelines was being used in this case. That version did not require the Government to make a motion to give the one-point adjustment.

25, and was in Criminal History Category I.  The resulting Guideline sentencing range was 57 to 71 months, in Zone D of the Guideline Range. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Bower's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  <u>United States v. Booker</u>, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Bower, the Court sentenced Defendant Bower to a term of 64 months imprisonment; to be followed by a life-time term of supervised release; and imposed a $100.00 special assessment.  The special assessment was ordered to be due immediately. The Court then informed Defendant Bower of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:  February 6, 2006.

       FOR THE COURT:

                                                      s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE